JOHN DI SANTO *et al. v.* GIUSEPPE DE BELLIS *et al.*

DECEMBER 30, 1935.

PRESENT: Flynn, C. J., Moss, and Capotosto, JJ.

Moss, J. This is a suit in equity brought by the complainants, husband and wife, as owners of a lot of land on the southerly side of Meader street in the city of Providence, against the respondents, husband and wife, as owners of the lot of land next west and also fronting on Meader street.

The suit was brought October 1, 1931, to determine the complainants' ownership and right to possession of an area in dispute, being a strip 3.54 feet in width on the street line, 3 feet on the rear property line, and 80 feet in depth from the street. This strip is bounded on the east by a fence, which has been there for at least eighteen years, according to the testimony, and on the west by the boundary line between the premises of the opposing parties according to the recorded deeds in their respective chains of title from Joseph Schedley, the common source of their record titles. During the eighteen years the occupation has corresponded with the fence and not with the record boundary line and there has been, on the premises now owned by the respondents, a garage projecting about a foot and a half into the strip now in dispute. The complainants in their bill set forth that they own the easterly lot, including the strip in dispute, and that the respondents are trespassing on the lot by using and occupying the strip, including the occupation of a part of it with a part of the garage. They pray that the respondents be perpetually enjoined from trespassing on the strip and ordered to remove the garage therefrom, and that the complainants be declared to be the owners and entitled to the possession of the strip.

After the suit was heard in the superior court on bill, answer and evidence, a decree was entered on June 14, 1932, finding "that for a period of twelve years or more the respondents and their predecessors in title have occupied and used" the strip in dispute, and denying the complainants' prayers and dismissing their bill of complaint. The case is now before us on the complainants' appeal from this decree.

The evidence establishes the following facts: Joseph Schedley, then the owner of the two lots, conveyed the westerly lot by deed dated December 3, 1917, to William H. Neary, from whom it later passed by mesne conveyances to the respondents. Later, by deed dated July 31, 1918, Joseph Schedley conveyed the easterly lot to William H. Walsh et ux. By them it was conveyed, by deed dated March 29, 1922, to Peter S. Deery et ux., from whom the complainants received a deed of this lot dated July 30, 1928.

For three months in 1922, Peter S. Deery and his wife and Neary were the owners of the two lots, as above stated, the two former being the predecessors in title of the complainants and Neary the predecessor in title of the respondents. During this period the ancient fence, which marked the line between the premises occupied by them respectively, but which as above stated, was about three feet over on the Deery side from the correct boundary as shown by their deeds, was repaired by agreement between them, the expense being shared by them equally. Neary testified, as a witness for the complainants, that he told Deery of the incorrect location of the fence and suggested that it be put on the correct line, the approximate location of which he pointed out to Deery, and that the latter replied, "Let the fence stand as it is, I have enough land here." Deery denied this testimony, but the superior court found that it was substantially correct. At any rate the fence was left in its former location and has remained there ever since, and has been the occupation boundary. Neary also testified, without contradiction, that he had previously told Walsh, Deery's immediate predecessor in title, about this fence and that Walsh said that he wouldn't bother with it.

Neary further testified that he never claimed any land beyond the record boundary line and that he sold and conveyed the property to Giuseppe Cipriano and wife on June 28, 1922, and then told Cipriano about the erroneous location of the fence. The latter testified to the contrary and there was no express finding by the superior court as to

which was right. At any rate it seems clear that the Ciprianos claimed to own to the fence. They sold and conveyed the premises to Domenico Perna et ux. on May 3, 1923. Though the deed described the premises according to the record title, it is clear that both grantors and grantees understood that the premises conveyed went to the fence; and presumably that was a material consideration to the purchasers.

In reliance on this understanding Perna built a new and larger garage to replace the old one and it was located so that it projected about a foot and a half into the strip now in dispute, just as the old one had. He and his wife sold and conveyed the premises to the respondents on April 28, 1929. Clearly all of them understood that the premises included this strip and the entire garage, and no doubt the purchase price was fixed on that basis. Evidently they all agreed in good faith and in reliance on the location of the fence as marking the true boundary line.

On the other hand, Deery and his wife did not make any sale or conveyance of their lot until July 30,1928, and during the interval they apparently did nothing whatever to see that there was reasonable notice to the successive purchasers of the other premises that the fence was not the correct boundary line of such premises, although the Deerys ought to have known that such purchasers were likely to be misled, as they were, with the possible exception of Cipriano. The explanation which the testimony makes almost obvious is that when the repaired fence was left in its old location the Deerys meant to relinquish all claim to the narrow strip now in controversy. In other words they acquiesced in the location of the fence as being the boundary line between the two properties.

In view of the facts above stated we find that just before the Deerys sold and conveyed the premises to the complainants on July 30, 1928, the former were precluded from asserting any title to the strip. It may be that the complainants would have been in a better position if, when

they bought the premises, they had understood that they included this strip. As to this we express no opinion. Di Santo's testimony, however, shows clearly that they had no such understanding, but quite the contrary. Therefore, we find that they are in no better position than were their grantors and are precluded from asserting title to the strip. According to the evidence in the case the complainants did not understand that they were buying the strip and it was not considered in fixing the purchase price. On the other hand, the respondents bought and paid for the strip in good faith and in reasonable reliance on the location of the fence as being the boundary line between the two parcels of land. Therefore, in spite of the fact that the record legal title is in the complainants, we can see no good reason, of justice or equity, why the respondents should, for the benefit of the complainants, be deprived of the possession and enjoyment of the strip in fee. On the contrary, we believe that justice and equity require that it should be determined that the legal title in fee, following the full and untrammeled equitable title, is vested in the respondents.

This conclusion is not based on adverse possession and therefore we cannot see that it is material, in this decision of the case, whether Neary ever claimed any title to the strip or whether there was adverse possession of it by the respondents and their predecessors in title for the statutory period. Our reasoning and conclusion in this case seem to us quite consistent with the reasoning and conclusions in the opinions of this court in previous cases concerning the effect of agreements for or acquiescence in the location of fences as determining boundary lines between adjoining tracts of land. These cases include O'*Donnell* v. *Penney*, 17 R. I. 164, *Faulkner* v. *Rocket*, 33 R. I. 152, *Aldrich* v. *Brownell*, 45 R. I. 142, and *Doyle* v. *Ralph*, 49 R. I. 155.

The appeal is denied and dismissed. The decree should be modified so that it will determine that full ownership and right to possession of the strip in dispute are vested in the respondents.

On January 10, 1936, at 10 o'clock, a. m., the parties may present a form of decree, in accordance with this opinion, to be entered in the superior court.

*Atwood, Remington, Thomas & Levy*, for complainants.

*Benjamin Cianciarulo*, for respondents.